This court concludes that the scale was a fixture; that, therefore, the sale of the real estate on which it was situate included the sale of the scale. A 6,500–pound scale placed on a specially sized concrete pad and surrounded by metal pole fencing set in the concrete is annexed to the real estate on which the concrete pad is poured. The permanency of the installation is emphasized by the fact the facility is covered and has a veterinary office in which the printer for the scale may be operated. The scale was put in place to facilitate the cattle operation on the premises. It had been used for that purpose since its purchase. Its adaptation for that purpose enhanced the operation of the cattle ranch.

Mindful that "[i]n determining the intention of the person making the annexation the court ... is not bound by [that person's] testimony on this point, nor by his secret or undisclosed purpose but may decide this issue from his acts and conduct and the surrounding facts and circumstances," *Bastas v. McCurdy,* 266 S.W.2d at 51–52, this court holds that the evidence in this case demonstrates that it was plaintiff's intent for the scale to be a permanent installation; that the scale is a fixture and, therefore, part of the real estate. The trial court's finding for defendant on plaintiff's claim for replevin was the correct result for the reasons heretofore stated. Plaintiff's point is denied. The judgment is affirmed.

BATES and SCOTT, JJ., concur.

Eugene WILLIAMS, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 67897.

Missouri Court of Appeals, Western District.

Nov. 13, 2007.

Eugene Williams, Raytown, pro se.

Larry Raymond Ruhmann, Division of Employment Security, Jefferson City, for Respondent.

Before THOMAS H. NEWTON, Presiding Judge, PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge.

**ORDER**

Eugene Williams appeals the Labor and Industrial Relations Commission's decision that he was overpaid unemployment benefits in the amount of $2,500. We affirm. Rule 84.16(b).